**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SHARON CLARENDON,                    )   NO. ED CV 07-1520-E
                                     )
                    Plaintiff,       )
                                     )
        v.                           )   **MEMORANDUM OPINION**
                                     )
MICHAEL J. ASTRUE, COMMISSIONER      )   **AND ORDER OF REMAND**
OF SOCIAL SECURITY ADMINISTRATION,   )
                                     )
                    Defendant.       )
_____)


        Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS

HEREBY ORDERED that Plaintiff's and Defendant's motions for summary

judgment are denied and this matter is remanded for further

administrative action consistent with this Opinion.


                        **PROCEEDINGS**


        Plaintiff filed a complaint on December 14, 2007, seeking

review of the Commissioner's denial of benefits.  The parties filed

a consent to proceed before a United States Magistrate Judge on

January 25, 2008.  Plaintiff filed a motion for summary judgment on

May 19, 2008.   Defendant filed a cross-motion for summary judgment on June 17, 2008.   The Court has taken both motions under submission without oral argument.   See L.R. 7-15; "Order," filed December 19, 2008.

## BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

Plaintiff, a former rehabilitation technician, alleges disability based on a combination of physical and mental impairments (Administrative Record ("A.R.") 56-58, 66-79, 505-07).   An Administrative Law Judge ("ALJ") found Plaintiff has severe exertional and non-exertional impairments, including joint and disc disease, residuals from surgeries to Plaintiff's left shoulder and left elbow, depressive and anxiety disorders, and obesity (A.R. 14). The ALJ found that these impairments restrict Plaintiff to a certain range of light work, that is, light work not requiring "more than occasional climbing, balancing, stooping, kneeling or crouching, any significant crawling, more than frequent handling or fingering with the left upper extremity, any over-shoulder reaching with either arm, more than frequent reaching with either arm, more than occasional exposure to vibration and no significant exposure [to] hazards such as unprotected heights" (A.R. 16).   The ALJ found Plaintiff could "understand, remember and carry out simple instructions" (A.R. 16).

The ALJ conceded that, given Plaintiff's residual functional capacity, Plaintiff is unable to perform her past relevant work (A.R. 18).   The ALJ also determined, however, that there exist jobs Plaintiff can perform.   Id.   The ALJ reached this conclusion using

the Medical-Vocational Guidelines ("the Grids"), without consulting

any vocational expert.  The ALJ stated: "the additional [non-

exertional] limitations had little or no effect on the occupational

base of unskilled light work.  See Exhibit 8E" (A.R. 19).  Exhibit 8E

is a state agency document that opines Plaintiff could work as a

photocopy machine operator (A.R. 101-02).  The Appeals Council denied

review (A.R. 6-8).


**STANDARD OF REVIEW**


Under 42 U.S.C. section 405(g), this Court reviews the

Commissioner's decision to determine if: (1) the Commissioner's

findings are supported by substantial evidence; and (2) the

Commissioner used proper legal standards.  See Swanson v. Secretary,

763 F.2d 1061, 1064 (9th Cir. 1985).


**DISCUSSION**


"After a claimant satisfies [her] initial burden of showing

that a physical or mental impairment prevents [her] from performing

[her] previous work, the burden shifts to the [Administration] to

show that the claimant has the capacity to perform other work and

that such other work exists in the national economy."  Stone v.

Heckler, 761 F.2d 530, 532 (9th Cir. 1985).  Where a claimant's non-

exertional impairments significantly limit his or her range of work

"the grids do not apply, and the testimony of a vocational expert is

required to identify specific jobs within the claimant's abilities."

Polny v. Bowen, 864 F.2d 661, 663-64 (9th Cir. 1988); see Burkhart v.

Bowen, 856 F.2d 1335, 1340-41 (9th Cir. 1988); see also Tackett v. Apfel, 180 F.3d 1094, 1103 (9th Cir. 1999) ("the grids should be applied only where a claimant's functional limitations fall into a standardized pattern 'accurately and completely' described by the grids").

In the present case, substantial evidence fails to support the ALJ's conclusion that Plaintiff's combination of non-exertional limitations "had little or no effect on the occupational base of unskilled work." Because of this failure of supporting evidence, the ALJ erred by relying on the Grids in the absence of vocational expert testimony. Id.

Defendant argues that the state agency's opinion Plaintiff can work as a photocopy machine operator constitutes substantial evidence supporting the ALJ's conclusion. This argument fails for at least two reasons. First, the state agency opinion fails to define the specifics of Plaintiff's non-exertional residual functional capacity (A.R. 101-02). The residual functional capacity assumed by the state agency likely is at variance with the residual functional capacity found to exist by the ALJ, if only because the state agency opinion predated the ALJ's finding by more than two years. Secondly, according to the Dictionary of Occupational Titles ("DOT"), the job of photocopy machine operator requires an ability to understand "detailed but uninvolved written or oral instructions." Dictionary of Occupational Titles 207.685-014. The ALJ found Plaintiff only has the ability to understand "simple instructions" (A.R. 16). Some courts have discerned an inconsistency between a restriction to

1  simple work and an aptitude sufficient to carry out detailed but

2  uninvolved instructions.  <u>See</u> <u>Allen v. Barnhart</u>, 2003 WL 22159050 *10

3  (N.D. Cal. 2003).  In <u>Cooper v. Barnhart</u>, 2004 WL 2381515 at *4 (N.D.

4  Okla. Oct. 15, 2004), the court observed that the terminology

5  "detailed but uninvolved" "is not entirely clear as to whether it

6  would be similar to simple and repetitive tasks, or if the tasks

7  which are 'detailed but uninvolved' would be more complex."  Given

8  this lack of clarity, at a minimum the ALJ erred in failing to

9  inquire through a vocational expert into the possible inconsistency

10  between a restriction to simple instructions and an aptitude

11  sufficient to understand detailed but uninvolved instructions.  <u>See</u>

12  <u>Light v. Social Security Administration</u>, 119 F.3d 789, 794 (9th Cir.

13  1997) (an explanation and "persuasive" supporting evidence must

14  accompany any administrative deviation from the DOT).

15

16       Defendant also suggests that Social Security rulings 83-10 and

17  83-14 support the ALJ's conclusion that Plaintiff's non-exertional

18  limitations have little or no effect on the occupational base for

19  light work.  This suggestion must be rejected.  Neither Social

20  Security Ruling 83-10 nor Social Security Ruling 83-14 expressly

21  provides that Plaintiff's particular (and somewhat peculiar)

22  combination of non-exertional impairments has little or no effect on

23  the occupational base for light work.

24

25       Thus, ultimately, only the ALJ's <u>ipse dixit</u> supports the

26  conclusion that Plaintiff's non-exertional limitations have little or

27  no effect on the occupational base for unskilled light work.  The

28  ALJ's <u>ipse dixit</u> cannot constitute substantial evidence in this

context.  See Burkhart v. Bowen, 856 F.2d 1335, 1341 (9th Cir. 1988)
(ALJ may not speculate concerning  the requirements of particular
jobs); Warmoth v. Bowen, 798 F.2d 1109, 1112 (7th Cir. 1986)
("administrative notice" properly cannot prove the existence of jobs
that can be performed by a claimant having non-exertional
impairments); see also Sykes v. Apfel, 228 F.3d 259, 270 (3rd Cir.
2000) ("the determination whether the non-exertional impairment
significantly erodes residual functional capacity cannot be made
without reference to additional evidence . . . the practice of the
ALJ determining without taking additional evidence the effect of the
non-exertional impairment on the residual functional capacity cannot
stand"); Francis v. Heckler, 749 F.2d 1562, 1567 (11th Cir. 1985)
(error to apply the Grids where the ALJ stated "he was 'persuaded'
that this impairment did not significantly limit the range of medium
work available to claimant," but there was "no vocational testimony
upon which the ALJ could have relied to be so persuaded").


    When a court reverses an administrative determination, "the
proper course, except in rare circumstances, is to remand to the
agency for additional investigation or explanation." INS v. Ventura,
537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is
proper where, as here, additional administrative proceedings could
remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d
///
///
///
///
///

599, 603 (9th Cir. 1989); <u>see generally</u> <u>Kail v. Heckler</u>, 722 F.2d
1496, 1497 (9th Cir. 1984).

LET JUDGMENT BE ENTERED ACCORDINGLY.[1]

DATED:  June 26, 2008.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[1]    The Court has not reached any of the other issues briefed
by the parties, except insofar as to determine that reversal rather
than remand would be inappropriate.